UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                                    :
UNITED STATES OF AMERICA
                                                                    :
         - v. -        :   **PRELIMINARY ORDER OF
                                                                        FORFEITURE AS TO**
                                                                    :   <u>**SUBSTITUTE ASSETS**</u>
AKM ALAM
                                                                    :   05 Cr. 870 (NRB)
                Defendant.
                                                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

WHEREAS, on or about August 18, 2005, AKM ALAM (the "Defendant") was charged in a two-count Information, 05 Cr. 870 (NRB) (the "Information"), with bank fraud conspiracy, in violation of Title 18, United States Code, Section 371 (Count One); and bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Two);

WHEREAS, the Information included a forfeiture allegation seeking forfeiture pursuant to Title 18, United States Code, Section 982, of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offenses alleged in Counts One and Two of the Information, including but not limited to at least $110,000 in United States currency, representing the amount of proceeds obtained by the Defendant as a result of the offenses alleged in Counts One and Two of the Information, for which the Defendant and his co-conspirators are jointly and severally liable;

WHEREAS, the Information also included a substitute asset provision as to Counts One and Two of the Information, providing notice that if as a result of the Defendant's actions or omissions forfeitable property was unable to be located or obtained, transferred or sold to a third party person, had been placed beyond the jurisdiction of the Court, substantially diminished value or commingled with other property which cannot be subdivided without difficulty, the United

1

States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about August 18, 2005, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982, a sum of money equal to $110,000 in United States currency, representing the proceeds derived from the offenses charged in Counts One and Two of the Information;

WHEREAS, on or about February 22, 2012, the Court entered a Consent Order of Forfeiture (the "Order of Forfeiture") imposing a $110,000 money judgment against the Defendant (the "Money Judgment"), representing the proceeds derived from the offenses charged in Counts One and Two of the Information that the Defendant personally obtained (D.E. 25);

WHEREAS, to date $98,290.00 of the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

a. $4,296.75 in United States currency in United States currency in the possession of the United States Marshals Service, representing funds that were intercepted by the Treasury Offset Payment (TOP) on or about March 9, 2018;

2

b. $2,872.96 in United States currency in United States currency in the possession of the United States Marshals Service, representing funds that were intercepted by the Treasury Offset Payment (TOP) on or about May 7, 2019; and

c. The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the outstanding Money Judgment

(a. through c., collectively, the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute

3

Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated:   New York, New York
        March 30 , 2026

SO ORDERED:

HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

5